IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIET CANTRELL,<br><br>　　Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC.<br><br>　　Defendant. | Civil Action No. |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), and other common law claims. The laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Juliet Cantrell is an adult individual residing at 14764 Santa Fe Trail, Victorville, CA 92392.

5. Defendant Portfolio Recovery Associates, LLC. is a business entity regularly engaged in the business of collecting debts in the Eastern District of Pennsylvania with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502. The principal

purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt relating to a debt originally owed to Best Buy (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material hereto the debt had been paid to Midland Credit Management on September 29, 2001.  (A true and correct copy of the letter from Midland Credit Management acknowledging payment and satisfaction of the debt is attached as Exhibit "A" and is incorporated herein).

9. In or around June 2011, Defendant contacted Plaintiff at her place of residence in an attempt to collect the debt with the intent to annoy abuse and harass Plaintiff.  During this telephone conversation, Defendant falsely stated that they were Plaintiff's friend in order to get Plaintiff on the phone.  When Plaintiff realized it was Defendant calling she advised Defendant that she had paid the debt ten years ago and asked Defendant to cease contacting her.

10. Notwithstanding the above, throughout June 2011 Defendant continued to contact Plaintiff at her place of residence in an attempt to collect the debt with the intent to annoy abuse and harass Plaintiff.

11. Notwithstanding the above, in or around June 2011, Defendant contacted Plaintiff's son on his cell phone in attempting to collect the debt with the intent to annoy, abuse and harass the person contacted.  During this conversation, Defendant disclosed the debt to Plaintiff's son.  Plaintiff's son advised Defendant that they did not have permission to call him

on his cell phone and not to call him again.  Further, Plaintiff's son advised Defendant that the debt had been paid.

12. Notwithstanding the above, on or about July 1, 2011, Defendant contacted Plaintiff's son a second time in an attempt to collect the debt with the intent to annoy, abuse and harass the person contacted. During this conversation, Plaintiff's son again stated that the debt was paid and told that he would report Defendant to the FTC if the calls continued.  In response, Defendant told Plaintiff's son that they were the FTC.

13. Notwithstanding the above, on or about July 1, 2011, Defendant wrote and sent directly to the Plaintiff by U.S. mail a collection or "dunning" letter, which, *inter alia*, attempted to coerce Plaintiff into paying the debt (hereafter referred to as the "7/1/11 Letter") (A true and correct copy of the 7/1/11 Letter is attached as Exhibit "B" and is incorporated herein).

14. Notwithstanding the above, on or about July 6, Plaintiff wrote and sent to Defendant a letter (hereafter the "Dispute and Cease and Desist Letter") which, *inter alia*, disputed the debt and requested that Defendant no longer contact Plaintiff.  Defendant received the Dispute and Cease and Desist Letter on July 8, 2011.

15. Notwithstanding the above, on or about July 9, 2011, Defendant contacted Plaintiff at her place of residence in an attempt to collect the debt with the intent to annoy abuse and harass Plaintiff.

16. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer for the purpose of acquiring anything other than location information about the consumer.

17. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer on more than one occasion.

18. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of a debt.

19. The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate directly with Plaintiff with regards to the debt after Plaintiff had notified Defendant in writing that she wished the Defendant to cease oral communication.

20. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of any debt.

22. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in false representation or deceptive means to collect or attempt to collect any debt.

23. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26.    As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

27.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

29.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30.    The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

31.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(c), 1692d, 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

      (a)    Communicating with any person other than the consumer for the purpose of acquiring anything other than location information;

      (b)    Communicating with a non-debtor on more than one occasion;

      (c)    Communicating with any person other than the consumer in connection with the collection of a debt;

      (d)    Misrepresenting the character, amount, or legal status of any debt;

(e) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INVASION OF PRIVACY

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Defendant's conduct, including but not limited to repeatedly contacting Plaintiff at her place of residence in an attempt to collect a debt after being advised that Plaintiff had paid the debt, constitutes an invasion of privacy.

36. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

37. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive damages;

    (d) Costs and reasonable attorneys' fees; and

    (e) Such other and further relief as may be just and proper.

                      Respectfully Submitted,

                        **FRANCIS & MAILMAN, P.C**.

BY:    */s/ Mark D. Mailman*
          MARK D. MAILMAN, ESQUIRE
          GEOFFREY H. BASKERVILLE, ESQUIRE
          Land Title Building, 19th Floor
          100 South Broad Street
          Philadelphia, PA 19110
          (215) 735-8600

          Attorneys for Plaintiff

DATE: September 13, 2011